# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**RICHARD SMITH, JR.,**

    Plaintiff,

v.                                         Case No. 1:17-cv-01236-cgc

**ANDREW SAUL,**
**COMMISSIONER**
**OF SOCIAL SECURITY,**

    Defendant.

## ORDER

In the instant case, Plaintiff seeks reversal or remand of this action pursuant to *Lucia v. SEC*, 138 S. Ct. 2044 (2018) and *Jones Brothers, Inc. v. Sec'y of Labor*, No. 17-3483 (6th Cir. July 31, 2018). (D.E. # 31) Plaintiff asserts that *Lucia* and *Jones Brothers* necessitate such a remedy for all cases decided by an Administrative Law Judge ("ALJ") who was not properly appointed under the Appointments Clause of the United States Constitution, *see* U.S. Const. art. II, § 2, cl. 2.

In addition to *Lucia* and *Jones Bros.*, Plaintiff further relies upon the recent decisions issued by the United States District Court for the Middle District of Pennsylvania in *Bizarre v. Berryhill*, 364 F. Supp. 3d 418 (M.D. Penn. 2019) and *Andrew M. Cirko o/b/o Sandra L. Cirko v. Berryhill*, Case No. 1:17-cv-0680, 2019 WL 1014195, (M.D. Pa. Mar. 4, 2019). In *Bizarre* and *Cirko*, United States District Court Chief Judge Christopher C. Conner concluded that the

claimant was not required to raise his or her constitutional claim before the ALJ or the Appeals Council to preserve it before the District Court. Thus, Petitioner asserts that he has timely raised the issue in this Court.[1]

The Commissioner does not dispute that the ALJ in this case was not appointed in accordance with the Appointments Clause and concurs with Petitioner that the key dispute herein is the timeliness of raising the Appointments Clause objection, as Petitioner did not raise it at the administrative level. The Commissioner asserts that, notwithstanding the *Bizarre* and *Cirko* opinions from the Western District of Pennsylvania, thirty-two of thirty-three district courts that have decided this issue have rejected attacks on the validity of an SSA ALJ's appointment where the claimant failed to make a constitutional challenge at the administrative level.[2] (*See* Commissioner's Brief, filed at (D.E. # 25) (citing cases)); *see also Bizarre*, 364 F. Supp. 3d at 420 (acknowledging that the *Bizarre* court's analysis "breaks from the emerging consensus of federal courts to address this issue").

The district courts that have rejected these attacks thus far include this Court and all but one other court within the Sixth Circuit.[3] *See Vickie Gilbert v. Comm'r of Soc. Sec.*, No. 3:18CV2026, 2019 WL 2281247, at *1-2 (N.D. Ohio Apr. 3, 2019); *Joseph A. Fortin v. Comm'r*

---

[1] While Plaintiff asserts that either reversal and payment of benefits or remand for a new hearing by a constitutionally appointed ALJ are the appropriate remedies, he also relies upon the reasoning in *Jones Brothers* that recognizes that ALJs have no power to take action on Appointments Clause objections and that the Social Security Administration explicitly instructed them not to do so post-*Lucia*. Thus, Petitioner urges this Court to utilize its independent power to consider this constitutional question—even if it had not been raised before the ALJ.

[2] The Commissioner notes that there is a split of authority within the United States District Court for the Eastern District of North Carolina.

[3] Neither this Court nor the parties have found any district court Order or Report and Recommendation within the Sixth Circuit that has held to the contrary. The only district that appears not to have issued a decision on this question is the United States District Court for the Eastern District of Tennessee.

*of Soc. Sec.*, 372 F. Supp. 3d 558, 562-69 (Mar. 29, 2019); *Michael John Shoops v. Comm'r of Soc. Sec.*, No. 18-cv-10444, 2019 WL 1417164, at *1-2 (E.D. Mich. Mar. 29, 2019); *Joyce Ramsey v. Nancy Berryhill*, No. 17;13713, 2019 WL 1397241, at *1-3 (E.D. Mich. Mar. 28, 2019); *Lori Van Andel v. Comm'r of Soc. Sec.*, No. 1:17-cv-1021, 2019 WL 1375339, at *3 (W.D. Mich. Mar. 27, 2019); *Karen Bocks v. Comm'r of Soc. Sec.*, No. 1:17-cv-988, 2019 WL 1416866, at *4-5 (W.D. Mich. Mar. 29, 2019); *Samuel Showerman v. Comm'r of Soc. Sec.*, No. 1:18-cv-61, 2019 WL 1375341, at *2-3 (W.D. Mich. Mar. 27, 2019): *Anthony Hutchins v. Nancy A. Berryhill*, 376 F. Supp. 3d 775, 777-79 (E.D. Mich. 2019); *Patrick Foster v. Comm'r of Soc. Sec.*, No. 1:18-cv-478, 2019 WL 1324008, at *4 (W.D. Mich. Mar. 25, 2019) (Report and Recommendation); *Travis Hodges v. Comm'r of Soc. Sec.*, No. 1:18-cv-394, 2019 WL 1330847, at *1-4 (S.D. Ohio Mar. 25, 2019) (Report and Recommendation); *Thomas Martin Mullins v. Nancy A. Berryhill*, No. 7:18-cv-002-JMH, 2019 WL 1339588, at *2-3 (E.D. Ky. Mar. 25, 2019); *Susan Flack v. Comm'r of Soc. Sec.*, No. 2:18-cv-501, 2019 WL 1236097, at *1-2 (S.D. Ohio Mar. 18, 2019); *Mary Wreede v. Comm'r of Soc. Sec.*, No. 3:18CV164, 2019 WL 1324024, at *2-4 (S.D. Ohio Mar. 18, 2019); *Kimberly Pittman Fitzgerald v. Nancy A. Berryhill*, No. 1:17-CV-00144-GNS-llk, 2019 WL 1125666, at *2-4 (W.D. Ky. Mar. 12, 2019); *Rick Axley v. Comm'r of Soc. Sec.*, No. 1:18-cv-1106-STA-cgc, 2019 WL 489998, at *1-2 (W.D. Tenn. Feb. 7, 2019); *Alicia D. Willis v. Comm'r of Soc. Sec.*, No. 1:18-cv-158, 2018 WL 6831066, at *2-4 (S.D. Ohio Dec. 6, 2018); *Douglas Faulkner v. Comm'r of Soc. Sec.*, No. 1:17-cv-01197-STA-egb, at *1-3 (W.D. Tenn. Nov. 19, 2018); *Helena Pugh v. Comm'r of Soc. Sec.*, No. 16;12057, 2019 WL 7572831, at *1 (W.D. Mich. Nov. 8, 2018) (Report and Recommendation); *Page v. Comm'r of Soc. Sec.*, 344 F. Supp. 3d 902, 904 (E.D. Mich. Oct. 31, 2018); *Blackburn v.*

*Berryhill*, 368 F. Supp. 3d 1110, 1111-12 (E.D. Ky. Oct. 18, 2018); *Kim Marie Davidson v. Comm'r of Soc. Sec.*, No. 2:16-cv-00102, 2018 WL 4680327, at *1-2 (M.D. Tenn. Sept. 28, 2018).

Upon review, in *Lucia*, the Supreme Court stated that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Lucia*, 138 S.Ct. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995). The *Lucia* court noted that claimant had made "just such a timely challenge," as he had raised his Appointments Clause objection before the Securities and Exchange Commission and had reasserted it throughout his appeals. Thus, *Lucia* was remanded for rehearing before a new, constitutionally appointed ALJ.

As set forth above, this Court, the unanimous decisions of district courts within our Circuit, and the overwhelming majority of the courts that have considered this question have held that a "timely challenge" of an ALJ's authority must occur at the administrative level. Thus, these courts have not permitted remand for a hearing before a constitutionally appointed ALJ or reversals of the case for an award of benefits on the basis of an Appointments Clause violation. Although the *Bizarre* and *Cirko* courts reason that remand is appropriate even if the issue were not raised at the administrative level, this Court finds it more persuasive to follow the analysis already developed in our Court and our Circuit that the issue must be raised below to be timely.

Accordingly, Petitioner's request for reversal or remand pursuant to *Lucia* and *Jones Brothers* based upon the constitutionality of the ALJ's appointment is hereby DENIED. The matter has been set for hearing on the merits on August 29, 2019.

4

**IT IS SO ORDERED** this 28th day of August, 2019.

                s/ Charmiane G. Claxton
                CHARMIANE G. CLAXTON
                UNITED STATES MAGISTRATE JUDGE